IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANTHONY MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:23-CV-0885-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 9 and 16, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the Court are the parties' briefs on the merits, ECF Nos. 11 and 13.

　　　　The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

| | | |
|---|---|---|
| Step 1 | | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

2

| | | |
|---|---|---|
| | Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| | Step 5 | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on March 16, 2021. See CAR 15.[1] In the application, Plaintiff claims disability began on October 18, 2019. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on April 27, 2022, before Administrative Law Judge (ALJ) Matilda Surh. In a June 14, 2022, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): obesity; ruptured left anterior cruciate ligament (ACL) status post open reduction and internal fixation (ORIF) of left tibia/fibula; and anxiety/panic disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work as defined in 20 CFR 404.1567(b) except he can lift up to twenty pounds occasionally and ten pounds frequently, stand or walk four out of eight hours, and sit for six out of eight hours; he can occasionally climb ramps or stairs; he cannot climb ladders, ropes or scaffolds; he can occasionally stoop, kneel, crouch or crawl; he should avoid concentrated exposure to extreme cold, wetness, unprotected heights and dangerous moving machinery; he needs a cane for long distance ambulation and a hinged knee brace; he needs to rest or sit down when standing or walking every hour for a few minutes; he is able to interact appropriately with the general public in brief, infrequent and superficial contact; he can adapt to simple and infrequent changes in the work setting; he can avoid normal hazards, arrange transportation independently and set realistic goals and plans;

4. Considering the claimant's age, education, work experience, residual functional capacity, vocational expert testimony, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 17-31.

After the Appeals Council declined review on April 5, 2023, this appeal followed.

///

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on July 14, 2023, ECF No. 10.

## III.  DISCUSSION

In his opening brief, Plaintiff argues the ALJ failed to provide sufficient reasons for rejecting his subjective statements and testimony relating to his right wrist and right ulnar nerve impairments.  See ECF No. 11.  According to Plaintiff, the ALJ's limited analysis of Plaintiff's wrist and ulnar nerve impairments at Step 2 failed to comply with the requirements of Social Security Ruling 16-3p, which governs evaluation of subjective statements and testimony at Step 4.  See id. at 3-7.

The Commissioner determines the weight to be given to a claimant's own statements and testimony, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not afforded weight and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

The Commissioner may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing a claimant's statements and testimony, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

At Step 4, the ALJ evaluated Plaintiff's subjective statements and testimony concerning those impairments found to be severe at Step 2. See CAR 21-26. In doing so, the ALJ summarized Plaintiff's statements and testimony as follows:

> The claimant alleged disability due to chronic pain and swelling affecting his left leg, such as ruptured ACL and left tibia fractures (Ex. 3E; Hearing Testimony). The claimant alleged difficulty with both exertional and postural activities (Ex. 6E). For example, he alleged he is limited to walking five-to-ten steps before losing his balance (*Id.*). He also alleged a need for a cane and knee brace (*Id.*). Mentally, he alleged anxiety-related symptoms, such as overwhelming fear, feelings of panic, fear avoidance behavior, impaired focus and difficulty being in crowded settings or left alone (Exs. 6E, 5F and 7F/21; Hearing Testimony). Catrina Miller, the claimant's spouse, generally corroborated the claimant's allegations, such as an inability to stand or walk for prolonged periods (Ex. 4E).

CAR 21-22.

The ALJ gave Plaintiff's statements and testimony little weight because they are inconsistent with the objective evidence. See id. at 22-26. Plaintiff does not challenge this determination.

Plaintiff contends that the ALJ failed to consider all of Plaintiff's testimony concerning his wrist and ulnar nerve impairments. See ECF No. 11. According to Plaintiff:

> In this case, the ALJ failed to make findings of fact sufficient to permit meaningful judicial review with respect to Plaintiff's subjective complaints. During the hearing, Plaintiff was asked why he was unable to work. The first thing he noted was an on-the-job accident at AT&T, which now affected his "walking." He also testified that "my hand was smashed by two concrete blocks, which caused me to have surgery. And the surgeon says my -- it -- that he – they did the best they could do with my hands, but I still suffer from cramping and sharp pains when I utilize it – when I use my hands a lot. And it's become very painful. . . ." (AR 43).

ECF No. 11, pgs. 4-5.

Notably, Plaintiff's hearing testimony concerning his wrist and ulnar nerve impairments are not cited by the ALJ anywhere in the hearing decision or included in the ALJ's summary at Step 4. In fact, the ALJ did not discuss Plaintiff's wrist and ulnar nerve impairments anywhere in the analysis at Step 4. The only discussion of these impairments is contained in the ALJ's severity finding at Step 2. In finding Plaintiff's wrist and ulnar nerve impairments non-

severe, the ALJ stated:

> The claimant has a history of unspecified sprain of the right wrist and lesion of the ulnar nerve of the right upper limb, which responded to surgery (Ex. 9F). At times, the claimant alleged pain in his right wrist, which worsened with pulling and/or lifting anything heavier than a gallon of milk (Ex. 10F/2-3). At other times, the claimant denied any complaints associated [with] these impairments (*e.g.*, Ex. 8F/8). Inconsistent with severe symptoms, an x-ray of the claimant's right wrist revealed mild osteoarthritis (Ex. 1F/7). In considering the claimant's lack of significant symptoms, I find the claimant's right wrist and right ulnar impairments to be nonsevere.

CAR 18.

Plaintiff's argument is well-taken. As Plaintiff indicates, he offered hearing testimony concerning his wrist and ulnar nerve impairments. See CAR 43-44. Specifically, the following exchange took place between the ALJ and Plaintiff:

> Q: Okay. Why do you feel you are unable to work:
>
> A: Because of my accident when I was at AT&T. . . . Prior to the accident, my hand was smashed by two concrete blocks, which caused me to have surgery. And the surgeon says my – it – that he – they did the best they could with my hands, but I still suffer from cramping and sharp pains when I utilize it – when I use my hands a lot. And it's become very painful. . . . .
>
> Q: Which hand are you talking about, left or your right?
>
> A: My right hand.

CAR 43-44.

The ALJ did not include this testimony in her summary at Step 4 or offer any analysis as to why this testimony was being tacitly rejected.

Defendant argues that the ALJ was not required to consider Plaintiff's statements and testimony concerning his non-severe wrist and ulnar nerve impairments. See ECF No. 13, pgs. 4-5. According to Defendant:

> . . .[T]he mere existence of a mild, non-severe impairment does not automatically require an ALJ to assess functional limitations in the RFC or explain why additional functional limitations were not assessed. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (affirming ALJ's decision not to include mental restrictions in RFC because claimant's mental impairments were non-severe and she did "not identify any particular evidence that the ALJ failed to consider or explain why the

record does not support the ALJ's findings regarding her mental functioning"); *see also Schneider v. Comm'r of Soc. Sec.*, No. 2:21-cv-1725-DAD-DMC, 2023 WL 2480861, at *6 (E.D. Cal. Mar. 13, 2023), *report and recommendation adopted*, 2023 WL 2696713 (E.D. Cal. Mar. 29, 2023) (citing *Woods* and rejecting argument that "the ALJ was required to account for mild mental limitations [] in formulating Plaintiff's residual functional capacity, or explain why she was not doing so").

ECF No. 13, pgs. 4-5.

Defendant's citations to Woods and Schneider are unavailing. Both those cases involved mild non-severe mental impairments. The current case, in contrast, concerns a physical impairment to Plaintiff's right wrist which could affect his ability to perform light work. Further, unlike Woods and Schneider, where the plaintiffs had not identified evidence which the ALJ failed to consider, in this case Plaintiff has pointed to the hearing testimony cited above which the ALJ here did not consider anywhere in the hearing decision.

Even if found to be non-severe, an ALJ's residual functional capacity finding must include all of the limitations the ALJ has found to be supported by the evidence of record. See SSR 85-15. In this case, the ALJ found at Step 2 that the record supported limitations associated with Plaintiff's wrist and ulnar nerve impairments. Specifically, the ALJ noted that x-rays documented osteoarthritis and that Plaintiff at times complained of pain in his right wrist which worsened with pulling or lifting even light weights. See CAR18. Plaintiff also testified at the hearing as to limitations associated with his wrist and ulnar nerve impairments. See CAR 43-44. The ALJ, however, did not account for these impairments at Step 4 in determining Plaintiff's residual functional capacity to perform a range of light work which, as Plaintiff notes, requires use of the hands for holding, grasping, and turning objects. See ECF No. 11, pg. 7 (citing Social Security Ruling 83-10).

///
///
///
///
///
///

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is granted;
2. Defendant's motion for summary judgment, ECF No. 13, is denied;
3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  April 13, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE